**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARY G.,

Plaintiff,

v.

ANDREW M. SAUL, Acting
Commissioner of Social Security,[1]

Defendant.

Case No. 18-cv-6333
Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary G.[2] filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c). For the reasons stated below, the Court grants Plaintiff's motion for summary judgment [18] and denies the Commissioner's motion for summary judgment [23]. The case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB on February 5, 2015, alleging that she became disabled on October 28, 2008. (R. at 16). The application was denied initially and on

---

[1] Andrew M. Saul has been substituted for his predecessor, Nancy A. Berryhill, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id.* at 56–57). On June 7, 2017, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 1292–1324). The ALJ also heard testimony from James E. Lanier, a vocational expert (VE). (*Id.* at 1326). The ALJ denied Plaintiff's request for benefits on November 9, 2017. (*Id.* at 16–27). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of October 28, 2008 and date last insured of September 30, 2013. (*Id.* at 18). At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of lumbar spine, post laminectomy syndrome, and major depressive disorder. (*Id.*). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id.* at 20). Concluding that Plaintiff's mental impairment did not meet or equal a listing, the ALJ found that Plaintiff had mild limitations in understanding, remembering or applying information, mild limitation in interacting with others and in adapting or managing oneself, moderate limitations in concentration, persistence, and pace. (*Id.*) The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[3] and determined that Plaintiff has the RFC to perform light work. In addition:

> She could lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk for about 6 hours total in an 8-hour workday. She could sit for about 6 hours total. She could frequently

---

[3] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 CFR 404.1545(a).

kneel, crouch and crawl. She could occasionally climb ramps and stairs. She could not climb ladders, ropers or scaffolds. She needed to avoid concentrated exposure to temperature extremes and unprotected heights. She could understand, remember and carry out tasks at the semi-skilled level, defined as involving Specific Vocational Preparation (SVP) levels of 3 or 4. She could make work-related decisions and tolerate workplace changes at such levels. She could tolerate routine interaction with supervisors, workers, and the public. She could persist in such activities with adequate pace and perseverance.

(*Id*. at 21). Based on Plaintiff's RFC and the VE's testimony, the ALJ determined at step four that Plaintiff was able to perform past relevant work as a receptionist and billing clerk. (*Id*. at 27). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date of October 8, 2008 through September 30, 2013. (*Id*.). The Appeals Council denied Plaintiff's request for review on July 18, 2018. (*Id*. at 5–7). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Administration (SSA). 42 U.S.C. § 405(g). The Court may not engage in its own analysis of whether the plaintiff is disabled nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id*. Substantial evidence "must be more than a scintilla but may be less than a preponderance."

*Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted). In addition, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (internal quotations and citation omitted).

The Court accords great deference to the ALJ's determination, but "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (internal quotations and citation omitted). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (citation omitted). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (citation omitted). Reversal and remand may be required "if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

### III. DISCUSSION

In her request for reversal or remand, Plaintiff challenges the ALJ's decision on several grounds. The Court agrees with Plaintiff that the RFC did not properly account for her non-exertional limitations, particularly in concentration, persistence,

or pace.[4] Therefore the Court cannot conclude that substantial evidence supports the ALJ's conclusions about Plaintiff's work-related limitations and her determination that Plaintiff can perform her past work.

The RFC is the most an individual can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). In this case, the ALJ did not build an accurate and logical bridge from the evidence to her conclusion about Plaintiff's mental RFC. *See Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (an ALJ must "build an accurate and logical bridge from the evidence to her conclusion") (citations and quotations omitted). The ALJ found that Plaintiff's mental impairment resulted in moderate limitations to her ability to concentrate, persist, or maintain pace. (R. at 20). Nevertheless the ALJ concluded that Plaintiff could perform tasks at the semi-skilled level; she could "make work-related decisions and tolerate workplace changes at such levels"; "tolerate routine interaction with supervisors, workers, and the public"; and "persist in such activities with adequate pace and perseverance." (*Id*. at 21).

The Commissioner argues that the ALJ "reasonably accommodated" Plaintiff's mental limitations in restricting her to semi-skilled work. (Dkt. 24 at 10). The Court disagrees. The Seventh Circuit has held that individuals who are "mildly to moderately limited" in concentration, persistence, or pace are able to perform "simple and  repetitive light work." *Simila v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009) (citing *Sims v. Barnhart*, 309 F.3d 424, 431 (7th Cir. 2002)). Even limiting a plaintiff to "simple, routine tasks and limited interactions with others" does not

---

[4] Because the Court remands on this basis, it need not address Plaintiff's other arguments at this time.

"adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). *See also Mack v. Berryhill,* 2018 U.S. Dist. LEXIS 122322, at *11 (N.D. Ill. July 23, 2018) ("The ALJ himself determined that Claimant had moderate difficulties in concentration, persistence, or pace, and, therefore, he was required to account for such difficulties in assessing Claimant's RFC."); *Klein v. Colvin*, 2017 U.S. Dist. LEXIS 6926, at *13 (S.D. Ill. Jan. 18, 2017) ("If, as is established by Seventh Circuit precedent, a limitation to unskilled work does not adequately account for a moderate limitation in concentration, persistence or pace, it is difficult to see how a limitation to semi-skilled work would suffice.").

Contrary to this settled law, the ALJ concluded that Plaintiff was moderately limited in concentration, persistence and pace but could perform semi-skilled work. As the court in *Klein v. Colvin* explained,

> The bottom line here is that the ALJ found that Ms. Klein had moderate difficulties in maintaining concentration, persistence or pace. While she made this finding at step three, she represented that her RFC assessment would reflect the degree of limitation that she found at that step. Binding Seventh Circuit precedent establishes that a limitation to simple, routine tasks or to unskilled work does not adequately account for a moderate limitation in maintaining concentration, persistence or pace. It follows that a limitation to semi-skilled work does not adequately account for moderate concentration difficulties for the same reasons.

2017 U.S. Dist. LEXIS 6926, at *15.

Indeed Plaintiff's attorney argued at the conclusion of the hearing that Plaintiff should be at least limited to "simple, unskilled" work because of her limitations. (R. at 1323). Yet the ALJ found her capable of semi-skilled work. As Plaintiff argues

(Dkt. 19 at 11), the ALJ reached this conclusion by relying on the fact that she cares for her young granddaughter. (R. at 27). Plaintiff points out, however, that the ALJ ignored her testimony that she only cared for her granddaughter with her husband's help.[5] Moreover, the ALJ's reliance on this fact does not explain why the ALJ concluded on one hand, that Plaintiff had moderate limitations in concentration, persistence and pace, but on the other, found her capable of semi-skilled work.

Because the ALJ did not account for all of Plaintiff's limitations in concentration, persistence and pace in her RFC assessment or questions to the VE, the VE's assessment is "necessarily is called into doubt, as is the ALJ's conclusion that [Plaintiff] is not disabled under the Social Security Act." *Moreno*, 882 F.3d at 730. Courts routinely remand cases where the ALJ failed to account for moderate limitations in concentration, persistence, or pace in relation to the RFC and/or questions to a VE. *See Yurt*, 758 F.3d at 859 ("This failure to build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC requires us to remand for further proceedings."); *Kimak v. Colvin*, 2014 U.S. Dist. LEXIS 61229, at *41 (N.D. Ill. May 2, 2014) (remand necessary where record unclear whether VE's testimony accounted for plaintiff's moderate limitations in concentration, persistence, or pace); *Mack,* 2018 U.S. Dist.

---

[5] In addition, contrary to the Commissioner's argument (Dkt. 24 at 12), the ALJ's explanation that "[g]iven [Plaintiff's] ability to watch her young granddaughter during this period without issue….the undersigned concludes that, [Plaintiff] was capable of performing work at the semi-skilled level…" *is* in fact similar to the type of conclusion the Seventh Circuit has cautioned against—that because plaintiff can perform a particular activity, she can work. *See Roddy v. Astrue*, 705 F.3d 631 (7th Cir. 2013).

LEXIS 122322 (RFC not necessarily consistent with the finding of moderate difficulties in concentration, persistence, or pace).

In sum, the ALJ did not build a logical bridge between the evidence and her conclusion about Plaintiff's mental RFC. This error was not harmless because it informed the ALJ's decision with respect to Plaintiff's RFC and ability to do her past work. Remand is warranted.

Plaintiff requests reversal of the ALJ decision. (Dkt. 19 at 15). To the extent Plaintiff also seeks an award of benefits, both requests are denied. The Court does not believe this case meets the high standard for reversal and an award of benefits. *See Briscoe ex. re. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (reversal with an instruction to award benefits only appropriate if "all factual issues have been resolved and the record can yield but one supportable conclusion.").

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment [18] is **GRANTED** and Defendant's Motion for Summary Judgment [23] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405, the ALJ's decision is reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: August 5, 2019

_Mary M Rowland_

MARY M. ROWLAND
United States Magistrate Judge